HANNAH E. RAND *vs.* STUART O. SYMONDS.

Cumberland.    Opinion November 23, 1921.

*There must be a fair preponderance of evidence to sustain the claim of title to real estate by adverse possession.    The acts of cutting timber and wood in small quantities and occasional cutting of firewood and marsh grass are not sufficient to sustain a claim of title by adverse possession against a record title.*

At a former trial of the case (see 120 Maine, 126) the plaintiff claimed both by adverse possession and record title.    In the instant case the presiding Justice withdrew from the jury the question as to record title, and submitted the case upon the one issue of adverse possession.

In the former case upon the question of adverse possession it was held that "a careful examination of the testimony does not disclose a fair preponderance of evidence in favor of the plaintiff's claim by adverse possession, although there is evidence of certain acts upon which the defendant might claim trespass if he maintains his ownership of the premises in dispute."    It was held, too, that the defendant had the better title.    A second trial has not resulted in the production of evidence to meet the deficiency so pronounced in that case.

On motion and exceptions by defendant.    A real action brought by plaintiff to recover possession of certain real estate situate in the town of Cape Elizabeth.    The plaintiff relied on both record title and adverse possession, but the presiding Justice withdrew from the jury the question as to record title, and submitted the case upon the issue of adverse possession.    The jury returned a verdict for plaintiff, and defendant filed a general motion for a new trial, and also took exceptions to the refusal of the presiding Justice to direct a requested verdict for defendant.    Motion sustained.    New trial granted.    Exceptions not considered.

Case fully stated in the opinion.

*W. R. & E. S. Anthoine,* for plaintiff.

*Frank H. Purinton,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, DEASY, JJ.

HANSON, J.    This is a real action wherein the plaintiff demands possession of certain real estate situate in the town of Cape Elizabeth.

The jury returned a verdict for the plaintiff, and the case comes to the Law Court on general motion and exceptions by defendant.

At a former trial of the case (see 120 Maine, 126) the plaintiff claimed both by adverse possession and record title. In the instant case the presiding Justice withdrew from the jury the question as to record title, and submitted the case upon the one issue of adverse possession.

In view of the very full statement of titles involved set out in 120 Maine, 126, it will be unnecessary to restate the same.

In the former case upon the question of adverse possession we held that "a careful examination of the testimony does not disclose a fair preponderance of evidence in favor of the plaintiff's claim by adverse possession, although there is evidence of certain acts upon which the defendant might claim trespass if he maintains his ownership of the premises in dispute." It was held, too, that the defendant had the better title. A second trial has not resulted in the production of evidence to meet the deficiency so pronounced in that case.

The acts upon which the plaintiff bases her claim to adverse possession, appearing in evidence, were cutting timber and wood in small quantities in 1905, 1909 and 1918, and occasional cutting of firewood and marsh grass for bedding. These cuttings of the plaintiff were on land, and the plaintiff says were intended to be on land described in the following deed from the Pillsbury heirs to her:

"KNOW ALL MEN BY THESE PRESENTS: That we, Tobias Pilsbury Joshua Pilsbury and Daniel Pilsbury all of Cape Elizabeth county of Cumberland and State of Maine and Mary E. Webb of Portland county and State aforesaid in consideration of the Sum of one Hundred and Forty-five Dollars Eighty two cents paid by Hannah E. Rand of Portland county and State aforesaid the receipt whereof we do hereby acknowledge, do hereby remise, release, bargain, sell and convey, and forever Quit-claim unto the said Hannah E. Rand her Heirs and Assigns forever, all the right, title and interest in and to A certain Piece or Parcel of Land Situated in Cape Elizabeth aforesaid known as the little marsh Lot containing Six Acres and one Hundred and Six Square Roods be it more or less it being one third part of Twenty Acres conveyed by Joshua Woodbury to Joshua Woodbury by his Deed dated April first 1748 and recorded in Cumberland Record Volume 9th Page 214th to which Deed reference is had to a more full description.

TO HAVE AND TO HOLD the same, together with all the privileges and appurtenances thereunto belonging, to her the said Hannah E. Rand her Heirs and Assigns forever.

And We do covenant with the said Hannah her Heirs and Assigns, that We will WARRANT and forever DEFEND the Premises, to her the said Hannah her Heirs and Assigns forever, against the lawful claims and demands of all persons claiming by, through or under us but none others.

IN WITNESS WHEREOF, We the said Tobias Pilsbury Joshua Pilsbury & Daniel Pilsbury and Mary E. Webb have hereunto set our hands and seals this Eighteenth day of April in the year of our Lord one thousand eight hundred and sixty four.

|  |  |
|---|---|
| TOBIAS PILSBURY | (Seal) |
| JOSHUA PILSBURY | (Seal) |
| DANIEL PILSBURY | (Seal) |
| MARY E. WEBB | (Seal) |

Signed, Sealed and Delivered
    In presence of
EMMA PILSBURY
DAVID TORREY

Cumberland, ss. Cape Elizabeth April 27 1864. Personally appeared the above-named Tobias Pilsbury, Joshua Pilsbury and Daniel Pilsbury, and acknowledged the above instrument to be their free act and deed.

Before me,

DAVID TORREY, Justice of the Peace."

The description in the deed of Joshua Woodbury to Joshua, Jr. of April 1st, 1748, to which the foregoing deed refers, is as follows: "also one third part of two ten acre lots called the Little Marsh lots, which I purchased of John Perry and Colonel Thomas Westbrook, bounded reference being had unto said deeds. That third part which adjoineth unto Joseph Cobb's Ten acre lot." What particular portion of the land in the vicinity was intended by these two deeds? The plaintiff's quit-claim deed of 1864 gives no sufficient description, but refers to a deed one hundred and sixteen years earlier, which is

even more deficient than the former, the description in the earlier deed being "that part which adjoineth unto Joseph Cobb's Ten acre. lot." From the various surveys and the testimony of surveyors and others appearing at both trials, a true location of the Pillsbury lot, or a Pillsbury lot, is an impossibility. This conclusion was reached by the presiding Justice who said in his charge to the jury, "Now, I am not aware that anybody has been able to say just what land could be that six acre lot; but the plaintiff claims that that six acre lot which has been marked upon the plan as the Pillsbury lot, she bought in 1864, under this deed and has had possession of it and occupied it in a manner and for a length of time which gives her title to it as against the Symonds title which as I have said, is the better title under the deeds." Plaintiff's counsel in his brief frankly admits "that the deed from the Pillsburys, after the lapse of sixty years, gives us a very vague idea of the land intended to be conveyed, but it was full of meaning to the parties to the transaction who lived near the premises and who understood and knew the full meaning and the parcel of land referred to. It did convey 6 1-3 acres of land somewhere, and it was the same land which Joshua Woodbury conveyed to Joshua Junior April 1, 1748. How it reached the Pillsbury's or where they got the title, we do not know." Again counsel in his brief says: "It is admitted on the part of the plaintiff, however, that there is a vague uncertainty as to the location of the 6 1-3 acres which the Pillsburys conveyed to Hannah Rand, if we relied entirely on the deed. But there is no doubt whatsoever as to the location of the 10 acres which George and Asa Webster conveyed to John D. Buzzell." Even so, the Pillsbury deed attempted to divide 20 acres into three parts, not 10 acres, and the uncertainty remains and will remain indefinitely. In the circumstances, with the presiding Justice and counsel for plaintiff holding such views, and the evidence failing utterly to locate a lot such as plaintiff describes in her declaration, it is evident that the jury failed to understand the very clear and explicit instructions of the presiding Justice with reference to the location and identity of the land claimed, and the definite location of the acts claimed to have been performed by the plaintiff, as well as what constitutes adverse possession.

From the testimony in the case the jury would be as much warranted in including land of another adjoining owner not a party to the suit, or to take all the defendant's land. If the Pillsbury lot

cannot be located, what lot from the testimony did the jury have in mind when returning their verdict? The testimony does not disclose its proportions or extent, the writ gives no aid, and a judgment based on the verdict would be meaningless. The verdict is clearly wrong. It will be unnecessary to consider the exceptions.

*Motion sustained.*
*New trial granted.*